CALLAHAN *v.* LYMAN.

4-9119                                       227 S. W. 2d 964

Opinion delivered March 6, 1950.

*Ernest Briner,* for appellant.

*McMath, Whittington, Leatherman & Schoenfeld,* for appellee.

DUNAWAY, J. Appellants, as taxpayers, filed suit in the Saline Chancery Court seeking to enjoin appellee, Joe Lyman, from serving as County Supervisor of Schools, and to enjoin the other appellees, as Chairman of the County Board of Education, County Clerk, and County Treasurer of Saline County from executing any voucher or warrant in payment of Lyman's salary. The original complaint, filed June 27, 1949, alleged that Lyman did not possess the qualifications for the position required by Act 146 of the Acts of 1949, but that by virtue of a contract entered into with the County Board of Education on December 11, 1948, he would assume that position on July 1, 1949, unless enjoined. By amendment to the complaint filed July 7, 1949, it was alleged that Lyman was then attempting to perform the duties of County Supervisor, and that the contract with the Board was invalid because no vacancy had existed at the time the contract was executed.

Lyman filed a demurrer to the complaint. On October 6, 1949, the Chancellor overruled a motion by the plaintiffs for a default judgment against the other defendants who had not answered, and dismissed the complaint as not stating facts sufficient to constitute a cause of action. From this action of the trial court comes this appeal.

On December 11, 1948, the Saline County Board of Education entered into a contract with Joe Lyman, agreeing to employ him as County Supervisor of Schools for a term of two years, beginning July 1, 1949, for an annual salary of $3,300. At the time this contract was executed the required qualifications for County School Supervisors were set out in Ark. Stats. (1947), § 80-217. That section required, among other things not material in the case at bar, three years experience as a school administrator or five years experience as a teacher. Lyman met all the requirements of the law at that time.

The General Assembly changed the required qualifications for this position by enactment of Act 146 of 1949, which was approved February 23, 1949. The title of that act is "An Act to Place the Salaries of County School Supervisors on the Same Basis as Teachers of the State, to Adjust the Requirements for New Appointments for This Office, and to Provide Additional Duties." Section 3 of this Act, relied on by appellants as disqualifying Lyman, reads as follows:

"Section 3. Effective July 1, 1949, and thereafter when a vacancy occurs in the office of the County School Supervisor in any county of the state any person selected and employed to fill said vacancy must have filed with the County Board before his selection and employment, a certificate issued by the State Board of Education reflecting conclusively that such person has the following qualifications:

.  .  .  .  .  .  .  .

"2. He must have not less than five years' experience as a school teacher, within the last eight years exclusive of military service immediately prior to his selection and employment. At least three years of such experience must be of a school administrative nature. .  .  .  ."

Lyman did not meet the new requirements in that he had only four and one-half years experience instead of the required five.

Ark. Stats. (1947), § 80-217 specifically gave the County Board of Education authority to enter into the contract employing Lyman. On December 11, 1948, the Board by its contract selected and employed a duly qualified County School Supervisor who was to begin performance of his duties on July 1, 1949. Thereafter Act 146 was enacted. It will be noted that this was an act ". . . to Adjust the Requirements for New Appointments . . ." In § 3, which changed the requirements as to teaching experience, it was provided that *"Effective July 1, 1949, and thereafter* when a vacancy occurs . . . *any person selected and employed* to fill

said vacancy . . ." must meet the requirements therein set out.

In the case at bar Lyman had already been appointed, with his term to begin July 1, 1949. There was thereafter no necessity for any person to be "selected and employed"; the board had already selected and employed him on December 11, 1949, in accordance with the then existing law. We have concluded that the Legislature intended the new requirements to apply only in case of persons employed after the effective date of Act 146.

In view of the construction we place upon § 3 of Act 146 it is unnecessary to decide the other issues raised in the brief, whether a County Supervisor is an "officer" or "employee", and the question whether equity has jurisdiction in such a cause which would depend upon a determination of the first question.

The decree is affirmed.